## MOOR *vs.* NEWFIELD.

A school committee of three, appointed by a district, has no authority to hire a school master ; that power being vested in the school agent by *Stat.* 1821 *ch.* 117.

Parol evidence is inadmissible to prove the transactions of a school district meeting ; the only legal evidence being the record itself, or an attested copy.

Where a town has directed the mode of calling the meetings of school districts, it is necessary, in proving their transactions, to shew that such directions have been pursued. To shew that a meeting was held *de facto* by all the inhabitants who were qualified to attend, is not sufficient.

IN a writ of error to the Court of Common Pleas, to reverse a judgment rendered in favor of the present defendants, in an action of *assumpsit* brought by the present plaintiff, the case was thus:—

The plaintiff, being duly qualified as a schoolmaster, was employed to keep the school in district No. 2, in *Newfield*, for the month of *April* 1824, at the agreed price of fifteen dollars, which he accordingly did; and for which this action was brought. He was employed by a person claiming to be one of the school committee, or school agent, at the request of two other persons claiming to act as school committee-men of the district for that year.

A legal meeting of the inhabitants of *Newfield* had been called to be holden *April* 7, 1823, for the purpose, among other things, of determining whether the town would authorize the school districts to choose their own agents ; and at this meeting it was determined in the affirmative. At the same meeting it was also voted that the standing clerk of each district should notify the several district meetings, by giving public notice at the most public place within the district, ten days, at least, previous to the meeting. But these votes, respecting the manner of calling the district meetings, were passed without any article in the warrant for that purpose ; and apparently without any request of the district.

The plaintiff, at the trial, offered to prove that the persons who employed him were chosen a committee, at a meeting of the

Moor *v.* Newfield.

inhabitants of the school district No. 2, in *Newfield*, held on a notice given to them by the then acting clerk of the district, who had acted as such for several years previous ; and that all the legal voters, who were not incapable of attending, did attend and vote at the meeting.

He also offered to prove that the money of the district, to the amount of more than forty dollars, remained unexpended, because a person who had been employed before him to keep the school, was not qualified as a schoolmaster, and had been indicted and convicted for presuming to act in that office without the legal qualifications, and dismissed from the school ; and that the inhabitants making complaints because the school was not supplied with an instructer, the plaintiff was employed for that purpose.

This evidence was rejected by *Whitman C. J.* who tried the cause ; and *being of opinion that the plaintiff had not made out his case, he ordered a nonsuit ;* to which the plaintiff filed exceptions and brought up the case by writ of error at common law. The errors assigned were, 1st—the rejection of evidence offered; 2d—that the evidence admitted was adjudged insufficient, and the plaintiff nonsuited; 3d—the general error.

*N. Emery* for the plaintiff in error.

*E. Shepley* for the defendants in error.

MELLEN, C. J. at the ensuing term in Cumberland, delivered the opinion of the court.

The first section of the act of 1821, *ch.*117 provides, that all monies for the support of schools shall be raised by towns and plantations. The third section requires every town, &c. to choose a school-committee, and an agent for each district; and makes it the duty of such agent to hire school masters, &c. but by the first section of the act of 1822 *ch.* 196, towns may authorize school districts to choose their own agents ; but it does not make any change in the duties of such agents, when so chosen. The eighth section authorizes the inhabitants of any school district at a district meeting, called according to the provisions of the eleventh sec-

tion, to raise money for certain specified purposes ; viz. for " erecting, repairing or removing a school house, and of purchasing " land on which the same may stand, and utensils therefor." And at the close of the eleventh section a district is empowered to choose " a committee to superintend the laying out and ex- " pending the money raised by such district, agreeably to their " vote for the purposes aforesaid." The eleventh section appoints the mode in which towns are to call district meetings ; and also authorizes towns, at the request of such districts, to determine how notice of future district meetings shall be given ; and provides that at such district meetings a clerk may be chosen who shall be sworn and keep a record of all votes. Such being the law, the question is whether the parol evidence, which was offered and rejected was legally admissible. The plaintiff offered to prove that at a meeting of those of the district who were able to attend, a committee was elected ; and that such committee employed him as a school-master. But the law has appointed the district school agents to hire school-masters ; and not a district committee, whose duties are of a different character ; neither the legislature nor the town have reposed confidence in them as to the hiring of school-masters. The plaintiff offered to prove that on a notice given, all the legal voters in said district, who were not incapacitated to attend, did attend the meeting ; but it does not appear how they were notified; whereas the vote of the town required that public notice should have been given at the most public place within the district. But in addition to these objections, if the acting clerk had been duly sworn, of which there was no proof offered, it was his duty to record all votes passed at the meeting ; and the only legal mode of proving facts on record, is by the record itself, or an attested copy of it. It is said that such a decision must operate severely upon a person contracting with municipal officers, supposed by him to be acting lawfully under competent authority. Such may be the case ; but he who attempts to charge a corporation on a con- tract, must prove a contract legally made, or it cannot be bind- ing. It is urged that in the circumstances of this case the law will imply a promise on the part of the town ; as they must have

known the plaintiff to have been in their service ; and thus assented to it.   The answer to this argument is that, as his employment, according to the provisions of the law, was a matter of district jurisdiction and concern, the assent of the town to his employment cannot be inferred ; it was a subject in which they had no particular interest or feelings ; in fact the relation in which the town stood to the plaintiff seems to discountenance all presumption of assent or implied promise on their part.

The Court perceive no error on the record, and accordingly the                                   *Judgment is affirmed with costs.*